**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ALTICE USA, INC., | : |
| Plaintiff, | : Case No.: 3:19-21371-BRM-ZNQ |
| v. | : |
|  | : **MEMORANDUM OPINION** |
| NEW JERSEY BOARD OF PUBLIC UTILITIES | : |
| and | : |
| JOSEPH L. FIORDALISO, in his official capacity as President of the New Jersey Board of Public Utilities | : |
| Defendants. | : |

Before this Court is Plaintiff's Complaint and application for a temporary restraining order and preliminary injunction (ECF No. 1), filed on December 13, 2019, seeking to enjoin Defendants in their official capacities from enforcing the proration requirement in N.J.A.C. § 14:18-3.8 and a November 13, 2019 cease and desist order issued pursuant thereto (ECF No. 1-7), based on, *inter alia*, Defendants' alleged violation of the Communications Act of 1934 (the "Act"), 47 U.S.C. § 151, *et seq.*[1] On December 16, 2019, this Court held an in-person status conference (ECF No. 6) and requested the Defendants stay enforcement of the cease and desist order and N.J.A.C. § 14:18-3.8 until the Court could adjudicate the application. The Court required expedited briefing and set

---

[1] References to the Act include its subsequent amendments, including the Federal Cable Communications Policy Act of 1984, The Cable Television Consumer Protection and Competition Act of 1992, and the Telecommunications Act of 1996.

1

an expedited oral argument date of December 19, 2019. Nearly 90 minutes after the time to report its status to the Court, Defendant announced the BPU would not consent. Oral argument was rescheduled for December 23, 2019, and the Court permitted Plaintiff to file a reply by Saturday, December 21, 2019, specifically addressing "the issue of the Eleventh Amendment immunity and specifically whether or not a violation of the [] Act entitled [Plaintiff] to be in court, notwithstanding what the defendant argues the Eleventh Amendment says." (Dec. 20, 2019 Unofficial Tr. 2:9-12.) Having reviewed the parties' submissions filed in connection with Plaintiff's application and for the reasons set forth herein and for good cause appearing, the Court ultimately declined to hear oral argument pursuant to Federal Rule of Civil Procedure 78(b) and **DISMISSES** this matter for lack of subject jurisdiction. Plaintiff's application is therefore **DENIED.**

Plaintiff argues its federal claims can be summarized into two:

> (1) a preemption claim arising under the Supremacy Clause of the U.S. Constitution[2] and 42 U.S.C. § 1983,[3] Compl. ¶¶ 62-75; and

---

[2] The Court notes the Supremacy Clause does not provide a private cause of action, nor it is the "source of any federal rights"; it merely "instructs courts what to do when state and federal law clash, but is silent regarding who may enforce federal laws in court, and in what circumstances they may do so." *Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 325, 135 S. Ct. 1378, 1383, 191 L. Ed. 2d 471 (2015) (quoting *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 107, 110 S. Ct. 444, 107 L.Ed.2d 420 (1989)).

[3] Section 1983 provides plaintiffs with a private right of action, stating, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Therefore, to state a claim under § 1983, a plaintiff must allege: (1) the violation

> (2) a claim under 47 U.S.C. § 401(b) of the Act,[4] to enforce the FCC's orders deeming Altice's predecessor in interest Cablevision subject to effective competition that thereby forbid franchising authorities from regulating the rates Altice charges for cable service,[5] *id.* ¶¶ 75-82.

(Pl. Reply Br. 1-2.)

Defendant argues Plaintiff's claims are barred by the Eleventh Amendment. The Court will address this jurisdictional threshold question first.

An assertion of Eleventh Amendment immunity is a challenge to a district court's subject-matter jurisdiction. *See Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996)

---

of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed or caused by a person amenable to suit under § 1983 and acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994).

[4] Section 401(b) states, in pertinent part:

> If any person fails or neglects to obey any order of the Commission other than for the payment of money, while the same is in effect, the Commission or any party injured thereby, or the United States, by its Attorney General, may apply to the appropriate district court of the United States for the enforcement of such order. If, after hearing, that court determines that the order was regularly made and duly served, and that the person is in disobedience of the same, the court shall enforce obedience to such order by a writ of injunction or other proper process, mandatory or otherwise, to restrain such person or the officers, agents, or representatives of such person, from further disobedience of such order, or to enjoin upon it or them obedience to the same.

[5] Plaintiff contends that, "[i]n a series of orders beginning in 2002, the FCC specifically found that Altice's predecessor Cablevision was subject to effective competition in New Jersey" and "subsequently established a presumption that all cable operators in the country are subject to effective competition, a presumption that the Board has not contested." (Compl. (ECF No. 1) ¶ 5). Pursuant to the Act, "[i]f the Commission finds that a cable system is subject to effective competition, the rates for the provision of cable service by such system shall not be subject to regulation by the Commission or by a State or franchising authority under this section." 47 U.S.C. § 543(a)(2).

("[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction.") (citing *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984)). "[T]he party asserting Eleventh Amendment immunity (and standing to benefit from its acceptance) bears the burden of proving its applicability." *Christy v. Pennsylvania Tpk. Comm'n*, 54 F.3d 1140, 1144 (3d Cir. 1995).

Under the Eleventh Amendment, states are "generally immune from suit by private parties in federal court . . . subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001); *see Ex parte Young*, 209 U.S. 123 (1908); *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990), *aff'd*, *Hafer v. Melo*, 502 U.S. 21 (1991).

Needless to say, the interplay between state and federal law with respect to the Act "is simply not that clear-cut." *AT & T Corp. v. Core Commc'ns, Inc.*, 806 F.3d 715, 729 (3d Cir. 2015). "It would be gross understatement to say that the 1996 Act is not a model of clarity. It is in many important respects a model of ambiguity or indeed even self-contradiction." *AT & T Corp. v. Iowa Utils. Bd.*, 525 U.S. 366, 397, 119 S. Ct. 721, 142 L.Ed.2d 835 (1999). However, based on the record before the Court at this time, the Court finds no applicable Eleventh Amendment exception applies, and therefore the Eleventh Amendment bars Plaintiff's claims.

The first exception, abrogation, is inapplicable. While Congress may "in some limited circumstances, abrogate sovereign immunity and authorize suits against states," this can only be done "if the statute in question was passed pursuant to congressional power under § 5 of the

Fourteenth Amendment." *Id.* The Act[6] was held to be "a congressional exercise of its Commerce Clause power" pursuant to its Article I powers, and therefore, "Congress did not, and could not, abrogate Eleventh Amendment immunity in providing for federal court review." *MCI Telecomm. Corp.*, 271 F.3d at 503. *See also In re PennEast Pipeline Co.*, LLC, 938 F.3d 96, 105 (3d Cir. 2019) ("Congress cannot abrogate state sovereign immunity under the Commerce Clause . . . ." (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59, 72-73, 116 S. Ct. 1114, 134 L.Ed.2d 252 (1996))). Therefore, Plaintiff cannot bring its suit against the State based on this exception.

The second exception is waiver. Such waiver must be "unmistakably clear," "requir[ing] an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *In re PennEast Pipeline Co., LLC*, 938 F.3d at 107 & n.12 (quoting *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1, 105 S. Ct. 3142, 87 L.Ed.2d 171 (1985)). And while the Court acknowledges a narrow exception to this rule regarding constructive waivers in the form of "gratuity waivers," *see MCI Telecomm. Corp.*, 271 F.3d at 506, 509-13,[7] the Court declines to find its applicability based on the current record. *See In re PennEast Pipeline Co.*, LLC, 938 F.3d at 107 n.12 ("As we said in *Edelman v. Jordan*, '[c]onstructive consent is not a doctrine commonly associated with the surrender of constitutional rights, and we

---

[6] Specifically, the Third Circuit addressed the Telecommunications Act of 1996 in *MCI Telecomm.*
[7] In *MCI Telecomm.*, the Court held that a state public utility commission had "knowingly waived its Eleventh Amendment immunity by voluntarily accepting the congressional gift or gratuity of the power to regulate local telecommunications competition under the Act" and was therefore "subject to suit in federal court." 271 F.3d at 513. The Court found: (1) preemption under § 252 was not complete and Congress had "preserved a role for state utility commissions in the federal regulatory scheme, giving them back some regulatory power by allowing them the first opportunity to conduct arbitrations and to approve or reject interconnection agreements" and (2) the State utility commissions accepted that power and "knowingly and voluntarily waived immunity by accepting the congressionally bestowed gratuity of participating in the process of approving interconnection agreements, fully aware that they would be subject to suit under § 252(e)(6)." *Id.* at 510.

see no place for it here.'" (quoting *Atascadero State Hosp.*, 473 U.S. at 238 n.1, 105)). As the State has not expressed an unmistakably clear waiver of its sovereign immunity, Plaintiff cannot bring its suit against the State based on this exception.

Third, pursuant to *Ex parte Young*, or the *Young* doctrine, "individual state officers can be sued in their individual capacities for prospective injunctive and declaratory relief to end continuing or ongoing violations of federal law." *MCI Telecomm. Corp.*, 271 F.3d at 506 (citing *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L.Ed. 714 (1908)); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989); *In re PennEast Pipeline Co.*, LLC, 938 F.3d at 104 n.10. "*Young* does not apply if, although the action is nominally against individual officers, the state is the real, substantial party in interest and the suit in fact is against the state." *MCI Telecomm. Corp.*, 271 F.3d at 506 (citing *Pennhurst II*, 465 U.S. at 101, 104 S. Ct. 900). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645, 122 S. Ct. 1753, 1760, 152 L. Ed. 2d 871 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296, 117 S. Ct. 2028, 138 L.Ed.2d 438 (1997)).

The Court again finds this exception to be inapplicable. Defendants are the New Jersey Board of Public Utilities ("BPU") and Joseph L. Fiordaliso, in his official capacity as President of the BPU. No other commissioners were named as defendants. Therefore, *Young*, if applied, would only enjoin Mr. Fiordaliso. Based on the present record, it is not readily apparent to the Court that enjoining only Mr. Fiordaliso would provide the prospective relief intended by application of this doctrine; namely, prospective injunctive relief ending a continuing or ongoing violation of federal

law.[8] Further, the Court is unaware of, nor have the parties provided, any cases applying the *Young* doctrine to § 401(b) of the Act.[9] Because, based on the current record, the Court finds *Ex parte Young* does not apply, Plaintiff cannot bring its suit against the State based on this exception.

Accordingly, having concluded Plaintiff does not satisfy the three exceptions to the Eleventh Amendment, for the reasons above and for good cause appearing, this matter is **DISMISSED** for lack of subject jurisdiction, and Plaintiff's application is therefore **DENIED.**

Date: December 23, 2019

> */s/Brian R. Martinotti*
> **HON. BRIAN R. MARTINOTTI**
> **UNITED STATES DISTRICT JUDGE**

---

[8] In *MCI Telecomm.*, the Court allowed a suit alleging violations of §§ 251 and 252 of the Act, but multiple commissioners (if not all) were named defendants. 271 F.3d at 506. *See also Verizon Maryland*, 535 U.S. at 648. Even so, Plaintiff brings its claims under a different portion of the Act.

[9] Other portions of the Act, such as §§ 251 and 252, have been held to present "straight-forward" *Ex parte Young* cases. *See, e.g., Bell Atl.-Pa.*, 271 F.3d at 514–15; *Bell Atl.-Delaware, Inc. v. Glob. NAPS S., Inc.*, 77 F. Supp. 2d 492, 500 (D. Del. 1999) (quoting *Michigan Bell Telephone Co. v. Climax Telephone Co.*, 186 F.3d 726 (6th Cir. 1999)). It is not evident we are faced with such a situation; neither of the cases cited by Plaintiff for § 401(b) discuss the Eleventh Amendment or *Ex parte Young*. (Pl. Reply Br. 3 n.2.)