NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALTICE USA, INC., | |
| Plaintiff, | Case No.: 3:19-cv-21371-BRM-ZNQ |
| v. | |
| NEW JERSEY BOARD OF PUBLIC UTILIES, *et al.* | **OPINION** |
| Defendants. | |

Before this Court is Defendants' motion for reconsideration (ECF No. 33) of this Court's order (ECF No. 31). Plaintiff Altice USA, Inc. ("Altice") opposes the motion. (ECF No. 35.) Having reviewed the parties' submissions filed in connection with the motion and having declined to hear oral argument pursuant to Federal Rule of Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendants' motion for reconsideration is **DENIED**.

**I. FACTUAL BACKGROUND**

On December 13, 2019, Altice filed for preliminary and permanent injunctive relief against the New Jersey Board of Public Utilities ("BPU") and its president, Joseph Fiordaliso ("President Fiordaliso"). (ECF No. 1.) Both Altice (ECF No. 11, at 4-7) and Defendants (ECF No. 8, at 10-14) briefed whether a preliminary injunction was appropriate. A week later, the Court set a show cause hearing for December 23, 2019, and ordered President Fiordaliso to be present. (ECF No. 10.) The day before the hearing, the Court cancelled the hearing, with notice via e-mail to all parties. (ECF No. 12.) The next day—the day on which the hearing was originally scheduled— the Court dismissed the case without ruling on the appropriateness of a preliminary injunction,

holding that sovereign immunity barred the lawsuit and that the exception to sovereign immunity for actions seeking prospective injunctive relief to end an ongoing or continuing violation of federal law (the "*Young* Exception") did not apply because an injunction against only President Fiordaliso, but not any of the other BPU board members, would not suffice to provide the relief Altice sought. *See Altice USA, Inc. v. N.J. Bd. of Pub. Utils.*, Civ. No. 19-21371, 2019 WL 7047207, at *2-3 (D.N.J. Dec. 23, 2019) (citing *Ex parte Young*, 209 U.S. 123 (1908)).

Following the dismissal, Altice sought permission to file an amended complaint to remedy the original complaint's deficiency. (ECF No. 15.) This Court granted Altice's request, and ordered Altice to file "a formal motion for reconsideration." (ECF No. 16.) Altice subsequently filed an amended complaint, naming all the BPU board members in order to fit the case within the *Young* Exception. (ECF No. 17.) Altice also filed a motion—which, pursuant to this Court's order, Altice styled as a "Motion for Reconsideration"—requesting this Court grant preliminary injunctive relief. (ECF No. 18-1, at 11-12.) On January 10, 2020, the Court held oral argument on Altice's motion, at which counsel for Defendants both spoke at length about whether a preliminary injunction was appropriate and spoke briefly about whether Altice should have to post a bond if the Court agreed to grant a preliminary injunction. (ECF No. 23.) This Court (1) treated Altice's filing as a motion for a preliminary injunction, (2) found that the amended complaint naming all BPU's board members qualified the case for the *Young* Exception, and (3) announced its intent to grant a preliminary injunction subject to Altice posting a $2.11 million bond. *See Altice USA, Inc. v. N.J. Bd. of Pub. Utils.*, Civ. No. 19-21371, 2020 WL 359398, at *3-10 (D.N.J. Jan. 22, 2020). The Court later issued the preliminary injunction after requesting briefing on the injunction's exact language. (ECF No. 31.)

Defendants moved for reconsideration of the Court's order granting the preliminary

injunction. (ECF No. 33.)

## II. LEGAL STANDARD

Motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i) if there are "matters or controlling decisions which counsel believes the Judge . . . has overlooked." L.Civ.R. 7.1(i); *Dunn v. Reed Grp.*, Civ. No. 08-1632, 2010 WL 174861, at \*1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, \*2 (D.N.J. Oct. 7, 2003)). The Third Circuit has held the scope of a motion for reconsideration is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

"Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. No. 09-4590, 2010 WL 3257992, at \*6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F. 3d 591, 603-04 (3d Cir. 2008)). "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at \*6 (quoting *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001)); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA*

*Corp.*, No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process . . . .") (citations omitted).

### III. ANALYSIS

Defendants argue that this Court should reconsider its order granting a preliminary injunction. This Court disagrees.

#### A. Motion for Reconsideration vs. Motion for a Preliminary Injunction

First, Defendants argue that this Court should not have treated the motion for reconsideration as a motion for a preliminary injunction. This Court disagrees. This Court looks to a motion's substance, not its form, to determine whether to treat a filing as a motion for reconsideration or a motion for a preliminary injunction. *See Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 463 (3d Cir. 1989); *see also* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Altice's motion for reconsideration was, in substance, a motion for a preliminary injunction: the motion expressly contemplates that the Court grant a preliminary injunction if the Court finds that sovereign immunity does not bar the action. (ECF No. 18-1, at 11-12.) Because Altice's motion requested preliminary injunctive relief, this Court rejects Defendants' argument that the Court should not have treated the motion for reconsideration as a motion for a preliminary injunction.

Defendants also argue that they were not given an opportunity to brief the preliminary injunction issue. The Court disagrees. First, Defendants briefed the appropriateness of a preliminary injunction when they initially responded to Altice's original complaint. (ECF No. 8, at 10-14.) Second, the Court explicitly granted Defendants an opportunity to make arguments in

writing after Altice filed its motion for reconsideration. (ECF No. 16.) Defendants did not make any new written arguments concerning the issuance of a preliminary injunction, but did incorporate arguments from their prior filing ("Defendants otherwise rely on the original opposition [(ECF No. 8)] to the Motion for Injunctive Relief . . . .") which did argue that the Court should not grant a preliminary injunction. (ECF No. 19.) Finally, Defendants spoke at length during oral argument concerning why this Court should not grant Altice's request for a preliminary injunction. (ECF No. 23.) The Court considered all of Defendants' arguments—both their written briefs and their presentation at oral argument—before deciding to issue a preliminary injunction. Given the multiple opportunities[1] the Court provided Defendants to brief the Court concerning the issuance of a preliminary injunction, this Court cannot agree that Defendants were denied an opportunity to be heard on the issue.

### B. Amended Complaint vs. Original Complaint

Defendants also argue that the Court should not have considered the amended complaint when it decided the Altice's motion for reconsideration, because the Court's order—from which Altice moved for reconsideration—concerned only the original complaint, not the amended complaint. This fact does not entitle Defendants to relief. Altice's request (ECF No. 15) to file an amended complaint, combined with this Court's order (ECF No. 16) permitting Altice to do so and directing Altice to move for reconsideration, clearly contemplate that the amended complaint would serve as a cure for the *Young* Exception deficiency this Court identified in its first opinion.

Defendants also argue that this Court could not have considered the amended complaint

---

[1] The Court notes that Defendants spent considerable time arguing that President Fiordaliso's appearance was inappropriate. (ECF No. 20.) The Court ultimately excused President Fiordaliso from attending proceedings in his capacity as an "individual[] with settlement/decision making authority." (ECF No. 21.) However, President Fiordaliso is still a named party.

until it was properly served. This argument is waived because Defendants failed to timely challenge service of process, despite litigating the issue of the preliminary injunction against unserved defendants. *See* Fed. R. Civ. P. 12(h)(1); *cf. In re Asbestos Prods. Litig. Liab. Litig. (No. VI)*, 921 F.3d 98, 106 (3d Cir. 2019) (holding, with regard to a different defense which is also waivable under Rule 12(h)(1), that "Behavior that is consistent with waiver, and which indicates an intent to litigate the case on the merits, is sufficient to constitute waiver, regardless of whether the parties also express an intent to preserve the defense."); *In re Tx. E. Transmission Corp. PCB Contamination Ins. Coverage Litig.*, 15 F.3d 1230, 1236 (3d Cir. 1994) (holding that a party waives a personal jurisdiction defense—which, like improper service of process, is also waivable under Rule 12(h)(1)—by "actually litigat[ing] the underlying merits").

Even if not waived, Altice's compliance with Rule 5's procedures for service of process on BPU and President Fiordaliso, combined with the close relationship between the properly served defendants and the un-served new defendants, creates a poor case for vacating the preliminary injunction for improper service of process on the un-served new defendants. "[A] pleading filed after the original complaint" has less strict rules for service than the original complaint. Fed. R. Civ. P. 5(a)(1)(B). Service of an amended complaint may be made by "sending it to a registered user by filing it with the court's electronic-filing system." Fed. R. Civ. P. 5(b)(2)(E). "[S]ervice is complete upon filing or sending . . . ." *Id.*; *see also La. Counseling & Family Servs., Inc. v. Mt. Fuji Japanese Restaurant*, Civ. No. 08-6143, 2012 WL 4049937, at *6 (D.N.J. Aug. 9, 2012) ("Plaintiff's electronic filing of the Amended Complaint was sufficient to effectuate service."). Electronic service of the complaint is therefore appropriate as to BPU and President Fiordaliso. Rule 5 service does not apply to the other board members, who were not previously served with a summons. *See Linwood Trading Ltd. v. E.S. Recycling Express Corp.*,

Civ. No. 14-6332, 2017 WL 1882490, at *4 (D.N.J. May 9, 2017). However, given that the new defendants have the same counsel as the existing defendants BPU and President Fiordaliso, are all board members of the agency (BPU) that did receive proper service, and are joined as defendants merely as a formality to satisfy the strictures of the *Young* Exception, improper service of process does not require this Court to vacate its preliminary injunction.

### C. Opportunity to Present Evidence Concerning Security for Potentially Wrongful Injunction

Defendants also contend that they were not given an opportunity to present evidence on the amount of any monetary bond or the need for other non-monetary conditions to be imposed on Altice following the grant of a preliminary injunction. The Court rejects this argument. As discussed above, Defendants both had notice and were actually aware that Altice was seeking a preliminary injunction. *See* part III.A., *supra*. Any order granting a preliminary injunction necessarily carries with it the attendant requirement that the movant provide security against a potentially wrongful injunction. *See* Fed. R. Civ. P. 56(c); *Tilden Rec. Vehs., Inc. v. Belair*, 786 F. App'x 335, 343 (3d Cir. 2019). In fact, Defendants brought up security at oral argument. *See Altice USA*, 2020 WL 359398, at *10 n.12. Had Defendants wanted to present evidence concerning the amount of any bond or request that the Court impose non-monetary conditions on Altice before granting the preliminary injunction, Defendants could have requested to do so either in their written briefing or at oral argument when counsel stated "that perhaps there would be necessarily some type of financial ramification to that that should be considered by the Court." (ECF No. 34, at 23:25-24:1.) Defendants' failure to do so is not a ground for vacating the preliminary injunction.

### D. Reargument of Other Matters

Finally, Defendants ask the Court to vacate its preliminary injunction because the Court's

decision erred on the merits.  (ECF No. 33, at 11-23).  Defendants either could have made, or actually made, each of these arguments before the Court issued the preliminary injunction.  None of these arguments constitute valid grounds for reconsideration.  *See Compaction Sys.*, 88 F. Supp. 2d at 345; *Florham Park Chevron*, 680 F. Supp. at 163 (D.N.J. 1988); *Schiano*, 2006 WL 3831225, at *2.

**IV.	CONCLUSION**

For the reasons set forth above, Defendants' motion for reconsideration is **DENIED**.  An appropriate order accompanies this Opinion.


Dated: March 10, 2020				*/s/ Brian R. Martinotti*			
						**HON. BRIAN R. MARTINOTTI**
						**UNITED STATES DISTRICT JUDGE**